T.C. Summary Opinion 2005-89

UNITED STATES TAX COURT

WALTER D. AND PAULEANA L. MACE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20992-03S.                    Filed July 14, 2005.

Walter D. and Pauleana L. Mace, pro sese.

<u>Edward L. Walter</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

_____

     [1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

"Petitioner" refers only to Walter D. Mace. Respondent determined a deficiency of $1,397 in petitioners' 2001 Federal income tax. The issue is whether petitioners are entitled to a section 151 dependency exemption deduction and a section 24 child tax credit for petitioner's minor child. At the time the petition was filed petitioners resided in Erlanger, Kentucky.

## Background

Petitioner and Ella Jo Willis (custodial parent) are the biological parents of a minor child who was born in 1991. Petitioner and the custodial parent have never been married to each other, and they lived apart at all times during 2001. By order of the Hamilton County Juvenile Court (support order) dated May 25, 1999, petitioner was ordered to pay the custodial parent child support.

The support order states that "every year" petitioner is entitled to claim the child as a dependent for tax purposes if the child support payments for the year in which the child will be claimed as a dependent are current in full. The support order also provides that the custodial parent "must take whatever action necessary to enable this claim." Petitioner was current in full with his child support obligations for the year at issue.

Petitioners claimed a dependency exemption deduction and a child tax credit for petitioner's minor child on their jointly filed Form 1040, U.S. Individual Income Tax Return, for the

taxable year 2001.[2]  Petitioners did not attach any statement from the custodial parent or an Internal Revenue Service form regarding petitioner's entitlement to the dependency exemption deduction to their return.  Respondent notified petitioners that their 2001 return was under examination due to the claimed dependency exemption deduction and child tax credit.  The custodial parent also claimed the child as a dependent when she filed her return for the 2001 taxable year.

Petitioner filed a motion in Hamilton County Juvenile Court to have the custodial parent found in contempt of the State court support order entitling petitioner to the dependency exemption deduction, and that she be ordered to pay petitioner the money due resulting from her actions.  On May 11, 2004, the State court did not find the custodial parent to be in contempt, but ordered her to file an amended return and not claim the child as a dependent.  At the time of trial, it was not known whether the custodial parent had complied with the May 11, 2004, order and in fact had filed an amended return.

---

[2]     The record does not show when petitioners were married.

## Discussion[3]

### A.   Dependency Exemption Deduction

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a dependent if the taxpayer provides over half of the support for the dependent.  Under section 152(e)(1), in the case of a minor dependent whose parents are divorced, separated under a written agreement, or who have lived apart at all times during the last 6 months of the calender year, and together provide over half of the support for the minor dependent, the parent having custody for a greater portion of the calendar year (custodial parent) generally shall be treated as providing over half of the support for the minor dependent. Section 152(e)(1) applies to parents who have never married each other, and therefore it applies in this case.  King v. Commissioner, 121 T.C. 245, 251 (2003).

Petitioner is not the custodial parent and is not entitled to the dependency exemption deduction under section 152(e)(1).  A noncustodial parent may be entitled to the exemption if one of three exceptions in section 152(e) is satisfied.  The only exception relevant to this case is contained in section 152(e)(2).  Section 152(e)(2) provides that a child shall be treated as having received over half of his or her support from

---

[3]   We decide the issue in this case without regard to the burden of proof.  See Higbee v. Commissioner, 116 T.C. 438 (2001).

the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984),[4] further provides:

> The written declaration may be made on a form to be provided by the Service for this purpose. * * *

Pursuant to the regulations, the Internal Revenue Service issued Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, as a way to satisfy the written declaration requirement of section 152(e)(2).  Form 8332 instructs the taxpayer to provide (1) the names of the children for whom exemption claims were released, (2) the years the claims are released, (3) the signature of the custodial parent to confirm their consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and Social Security number of the parent claiming the exemption.  If Form 8332 is not used, a statement conforming to the substance of Form 8332 must be used.

---

[4]	Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

See Miller v. Commissioner, 114 T.C. 184 (2000); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.[5]

Petitioners did not attach a written declaration, Internal Revenue Service form, or other statement signed by the custodial parent to their return. See sec. 152(e)(2)(A) and (B). Petitioners, therefore, did not establish entitlement to the dependency exemption deduction for the year in question. See Paulson v. Commissioner, T.C. Memo. 1996-560.

Although the support order provides that petitioner is entitled to the dependency exemption deduction, it cannot by its own terms determine issues of Federal tax law. Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Neal v. Commissioner, T.C. Memo. 1999-97;

---

[5] Petitioner Pauleana L. Mace testified that petitioners were told by the Internal Revenue Service that as a noncustodial parent who was never married to the custodial parent petitioner could not use Form 8332, but instead needed a Form 2120, Multiple Support Declaration. Form 2120 is used for the claiming of dependency exemptions where multiple taxpayers support a dependent and where the taxpayer contributed over 10 percent of the support of the claimed dependent. Sec. 152(c)(3). Sec. 152(c)(4) requires a written declaration for each person (other than the taxpayer) who contributed over 10 percent of such support that he or she will not claim the individual as a dependent for the same taxable year. Sec. 1.152-3(c), Income Tax Regs., provides that the written declaration may be made on Form 2120 or in a similar manner.

In light of this Court's holding in King v. Commissioner, 121 T.C. 245, 250-251 (2003), a properly executed Form 8332 can constitute the waiver of a custodial parent's claim to the dependency exemption deduction even where the parents were never married to each other. Which form should have been used is not at issue, as no form or statement signed by the custodial parent was attached to petitioners' return when they filed it.

<u>Nieto v. Commissioner</u>, T.C. Memo. 1992-296.  Petitioners' remedy is to continue to pursue the custodial parent's compliance with the support order in the State court, and any and all other remedies that may be pursued against the custodial parent to make petitioners whole.

B.   <u>Child Tax Credit</u>

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child".  As relevant here, a qualifying child is defined as an individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Sec. 24(c)(1)(A).  Petitioner did not establish entitlement to a dependency exemption deduction under section 151; therefore, he is not entitled to claim the child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.